## Case No. 14,646.
### UNITED STATES v. BRIGGS.
#### [2 Gall. 363.] 1
Circuit Court, D. Massachusetts.   May Term, 1815.

##### NONINTERCOURSE—USING BRITISH PASS.

Quære, whether a piece of cloth, or any other agreed signal, is a "pass" within the meaning of the first section of the act of August 13, 1813, c. 56 [2 Story's Laws, 1382; 3 Stat. 84, c. 57].

This was an indictment founded on the act of congress of August 13, 1813, c. 56, for using a British pass or protection. The evidence on the part of the United States went to prove, that Briggs owned and commanded a small boat, which was captured in or near the Vineyard Sound, in sight of the British ships of war, having on board vegetables and other provisions of various kinds, and also a piece of blue cloth, which was intended to be affixed to the masthead, as a signal concerted with the enemy, upon seeing which they were to suffer him to pass unmolested. Much evidence was offered on the part of the accused, to explain or contradict that of the government, but it is unnecessary to state it in this report.

STORY, Circuit Justice, after having summed up the evidence to the jury, directed them that if they believed Briggs to have used a patch for the purpose of protection, in concert with a British commander, this was, in the contemplation of the law, a "pass." It was as much so, as if a ring, or a watch-seal, or any other symbol had been given, upon the exhibition of which the defendant would be permitted to go unmolested; and it was immaterial whether the thing so used was given by the British commander, or was the property of Briggs, if it were agreed to be used for this purpose. It was the pass that was granted, and not the thing itself.

The honorable judge stated, however, that he did not feel a perfect confidence in this construction of the law, but, as the defendant would have a remedy by a motion for a new trial to correct any error in this respect,

1 [Reported by John Gallison, Esq.]

he thought it proper to give an absolute direction to the jury, and to reserve the question for a more deliberate consideration in case of a conviction.